ᴀNᴏʀʙᴇʀᴛ Mᴀʟᴠᴇᴀᴜx _v._ Cᴇʟᴇꜱᴛɪɴᴇ Lᴀᴠᴇʀɢɴᴇ, et al.

| 10 | 673 |
| 45 | 344 |

When the term of the Supreme Court at which an appeal is returnable entirely fails, the record of appeal may be filed at the next term of the court.

A party who seeks to avail himself of the plea of prescription, must establish it by proof.

The legal mortgage resting on the property of a tutor embraces his interest in real estate, bought by a commercial partnership, of which the tutor is a member, and such mortgage cannot be defeated by a sale of the partnership land for a partnership debt.

An extract copy taken from the records of a church and certified by the officiating priest, is not admissible in evidence to prove the age of a party.

APPEAL from the District Court of St. Landry, _Dupré_, J.

_Swàyze & Moore_, for plaintiffs. _B. A. Martel_, for defendants and appellants.

Mᴇʀʀɪᴄᴋ, C. J. There is a motion in this case to dismiss the appeal. The judgment was signed and the appeal allowed at the May term of the District Court, 1854. It (the appeal) was made returnable at the next term of the Supreme Court of Opelousas. By law, this term commenced on the first Tuesday of September, but as there were not Judges enough present to form a quorum, the court, after being adjourned from day to day by one of the Judges, finally adjourned, no quorum having been present and no judicial business having been transacted by the court. On the second day of the term of the Supreme Court for 1855 the record was filed. The motion to dismiss is based on the alleged ground that the record ought to have been filed in this court at the time fixed by law for the last term of this court, and that more than one year had elapsed after the appeal was granted before the record was filed. The doctrine seems to be well settled, that where the term to which an appeal is made returnable entirely fails, the record may be filed at the next term. _Wills' Heirs_ v. _Lamothe_, 10 L. R., 411.

The proof adduced in this case does not clearly establish the plea of prescription. The party who would avail himself of this plea, must establish it by proof. _Andrews_ v. _Rhodes_, 10 R. R. 53.

The objection that the tract or lot of land was owned by commercial partners, is not tenable. The land did not properly enter into the commercial partnership, and we know of no law which withdraws real estate from the ordinary rules of law, merely because it is owned by persons composing a commercial firm.

In this instance one of the parties was a tutor when he owned the one-half of the lots or tracts of land in controversy. This undivided half became subject to the tacit mortgage of the minors, and it was not defeated by the subsequent sale of the property at the suit of the creditors of the commercial firm.

There was no error in reference to the facts disclosed, in refusing the copy of the certificate of baptism certified by the priest of St. Charles Church, showing the age of one of the plaintiffs. The priest has no _legal_ authority to certify _copies_ from the records of his church, and the copy offered was clearly inadmissible.

A careful examination of the record has not satisfied us that there is any error in the judgment of the court below in the matter complained of.

Judgment affirmed, with costs.